UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

V.P. MUSIC GROUP, INC., STB MUSIC, INC., GREENSLEEVES RECORDS LTD., GREENSLEEVES PUBLISHING LTD.,

Plaintiffs,

- against –

KEMAR MCGREGOR, NO DOUBT RECORDS LLC, FLAVA RECORDS LLC, THE ORCHARD ENTERPRISES, INC., ORCHARD ENTERPRISES NY, INC., PHOENIX MUSIC INTERNATIONAL LTD.,

Defendants.

MEMORANDUM AND ORDER

11-CV-2619



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 23 2012 ★
BROOKLYN OFFICE

**Appearances:**

For Plaintiffs-Counterdefendants:

>Daniel J. Aaron
>Daniel J. Aaron, P.C.
>New York, NY

For Defendant-Counterclaimant Kemar McGregor:

>Harold C.W. Brady
>Brady and Company
>Kingston, Jamaica

**JACK B. WEINSTEIN, Senior United States District Judge:**

Table of Contents

I. Introduction..........................................................................................................................2
II. Factual Allegations and Procedural History ......................................................................2
III. Law ...................................................................................................................................3
    A. Rule 11(a) of the Federal Rules of Civil Procedure ..............................................3
    B. Rule 12(b)(6) Standard............................................................................................4
    C. New York Libel Law—Judicial Privilege............................................................4



1

IV.   Application of Law to Facts............................................................................................5
         1.   Motion to Strike Pursuant to Rule 11(a).........................................................5
         2.   Motion to Dismiss Libel Counterclaims..........................................................8
V.    Conclusion ......................................................................................................................8

**I.    Introduction**

Plaintiffs-counterdefendants V.P. Music Group, Inc., STB Music, Inc., Greensleeves Records Ltd., and Greensleeves Publishing Ltd.—referred to collectively in this memorandum and order as "Plaintiffs"—move for an order striking the answer and counterclaims of defendant-counterclaimant Kemar McGregor, and to dismiss two of McGregor's counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs initiated this litigation in June 2011. Among the claims asserted against McGregor and companies he allegedly controls are contentions of copyright infringement, trademark infringement, and breach of contract. *See generally* Second Amended Complaint ("Compl."), V.P. Music Group, Inc. et al. v. Kemar McGregor et al., No. 11-CV-2619 (E.D.N.Y. Nov. 4, 2011), CM/ECF No. 23.

Answering, McGregor asserts a variety of counterclaims. *See* Answer and Counterclaim ("Answer and Counterclaim"), V.P. Music Group, Inc. et al. v. Kemar McGregor et al., No. 11-CV-2619 (E.D.N.Y. Jan. 17, 2012), CM/ECF No. 34. His failure to include his contact information in the Answer and Counterclaim—the Answer and Counterclaim was filed by McGregor himself, not by his present counsel—and the substance of his counterclaims for libel are the subjects of the instant motion.

For the reasons stated below, Plaintiffs' motion to strike is denied. The motion to dismiss the libel counterclaims is granted. McGregor's counsel is directed to include his contact information on all future submissions. McGregor is instructed to do the same if he chooses to proceed *pro se* again during the course of this litigation. *See* Fed. R. Civ. P. 11(a).

**II.    Factual Allegations and Procedural History**

Plaintiffs are American and British corporations involved in the production and distribution of Jamaican music, including reggae. *See* Compl. ¶¶ 3-12. Defendant McGregor, a Jamaican citizen known professionally as Kemar "Flava" McGregor, is a producer and writer of roots-reggae music. *See id.* ¶ 28; Answer and Counterclaim ¶ 28.

Plaintiffs state that they paid McGregor and two Florida limited liability companies he owns—defendants No Doubt Records, LLC and Flava Records, LLC—some $290,000 in exchange for exclusive master and publishing rights for a large number of Jamaican musical works. *See* Compl. ¶ 31. After they did so, Plaintiffs contend, McGregor and the companies he owns resold the same rights to others and exercised the rights themselves. *See id.* ¶¶ 36-45.

The instant motion concerns the form of McGregor's Answer and Counterclaim, which, as noted above, was filed by McGregor himself before present counsel was retained. Plaintiffs seek an order striking the Answer and Counterclaim in its entirety for failure to comply with Rule 11(a) of the Federal Rules of Civil Procedure; they also move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss McGregor's counterclaims for libel.

### III. Law

#### A. Rule 11(a) of the Federal Rules of Civil Procedure

Rule 11(a) of the Federal Rules of Civil Procedure provides that:

Every pleading, written motion, and other paper *must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.* The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. *The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.*

Fed. R. Civ. P. 11(a) (emphasis added). This court's Local Rules generally supplement the requirements of Rule 11, and presuppose that every paper submitted to the court will be signed. *See* E.D.N.Y. Local Civ. R. 11.1(a).

Rule 11 does not explicitly state how a party is to remedy an omission; it states only that an "unsigned paper" must be stricken unless the omission is "promptly corrected." The explanatory notes accompanying Rule 11, however, state that if an unsigned paper is submitted, "[c]orrection can be made by signing the paper on file or by submitting a duplicate that contains a signature." Fed. R. Civ. P. 11, Advisory Committee's Notes on 1993 Amendments.

### B. Rule 12(b)(6) Standard

To survive a motion to dismiss made pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Citigroup ERISA Litig.*, 662 F.3d 128, 135 (2d Cir. 2011) (internal quotation marks omitted). Determining whether a complaint states a plausible claim for relief is a context-specific task that "requires the reviewing court to draw on its judicial experience and common sense." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (internal quotation marks omitted).

A court ruling on a 12(b)(6) motion is to "accept as true the facts alleged in the complaint, and may consider documents incorporated by reference in the complaint and documents upon which the complaint relies heavily." *In re Citigroup*, 662 F.3d at 135 (internal quotation marks omitted). All reasonable inferences are drawn in the plaintiff's favor. *See, e.g., Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

### C. New York Libel Law—Judicial Privilege

"Libel is a method of defamation expressed in writing or print." *Celle v. Filipino Reporter Enters., Inc.*, 209 F.3d 163, 176 (2d Cir. 2001). New York law bars recovery for libel

that is premised on "statements made by participants in judicial proceedings." *Kelly v. Albarino*, 485 F.3d 664, 665 (2d Cir. 2007) (per curiam) (applying New York law). "Statements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, so long as they material and pertinent to the issue to be resolved in the proceeding." *Sinrod v. Stone*, 799 N.Y.S.2d 273, 274 (N.Y. App. Div. 2005).

The absolute privilege given to statements made during judicial or quasi-judicial proceedings—so long as they are material and pertinent to the issue to be resolved—is meant to further the full and fair resolution of disputes and the proper administration of justice. *See Wiener v. Weintraub*, 239 N.E.2d 540, 541 (N.Y. 1968) (Fuld, C.J.).

## IV. Application of Law to Facts

### 1. Motion to Strike Pursuant to Rule 11(a)

Plaintiffs argue that McGregor's Answer and Counterclaim should be stricken, with leave to refile, due to his failure to comply with Rule 11(a). *See* Plaintiffs' Memorandum of Law in Support of Their Motion to Dismiss the Answer and Counterclaim Pursuant to Fed. R. Civ. P. 11(a) and 12(b)(6) 2, V.P. Music Group, Inc. et al. v. Kemar McGregor et al., No. 11-CV-2619 (E.D.N.Y. Feb. 6, 2012), CM/ECF No. 40. Specifically, Plaintiffs contend that the document "does not set forth the signer's address, email address, and telephone number." *Id.* McGregor has filed a letter with the court—it provides his address, email address, and telephone numbers—in an attempt to cure the alleged deficiency. *See* Letter of February 7, 2012 ("February 7 Letter"), V.P. Music Group, Inc. et al. v. Kemar McGregor et al., No. 11-CV-2619 (E.D.N.Y. Feb. 9, 2012), CM/ECF No. 44.

An independent review of the Answer and Counterclaim reveals that the Plaintiffs are correct with regard to McGregor's failure to provide the relevant contact information; the document, while signed by McGregor, *see* Answer and Counterclaim 55, does not include his address, email address, or telephone number. And it is clear that this omission was in contravention of the requirements of the Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(a).

Raised is the issue of the proper remedy to be afforded Plaintiffs, given McGregor's filing of the February 7 Letter. The Rule states that a "court must strike an *unsigned* paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a) (emphasis added). And the Advisory Committee's notes similarly focus discussion of remedy on the Rule's signature requirement; when a party or his attorney fails to sign a pleading as required, "[c]orrection can be made by *signing* the paper on file or by submitting a duplicate that contains a signature." Fed. R. Civ. P. 11, Advisory Committee's Notes on 1993 Amendments (emphasis added).

Rule 11(a) is ambiguous—at best—with respect to the remedy for its violation when the violation is a failure to provide contact information, as opposed to a failure to sign. In the latter case, the remedy is explicitly provided: a court "must strike an unsigned paper." It might be argued that the same remedy ought to apply in the former case, as well—after all, Rule 11(a) is entitled "Signature"; and the Rule's reference to the remedy in cases of an "unsigned paper" might well be understood as shorthand for "a paper that fails to comply for the requirements of this Rule." *See* Fed. R. Civ. P. 11(a). It can perhaps be assumed that the Advisory Committee designed the rule so that a failure to provide an address is to be dealt with in the same fashion as a failure to provide a signature. *But cf. Hor v. Gonzalez*, 400 F.3d 482, 485 (7th Cir. 2005)

(Easterbrook, J.) (describing some of the problems inherent in relying on the "intent" of multimember bodies).

The Rule does not indicate, however, what is to be done with a submission that fails to include the relevant contact information. Several arguments are in opposition to Plaintiffs' position that striking of the inadequate paper is required. First, application of the *expressio unius* canon of construction, *see, e.g., Doe v. Bin Laden*, 663 F.3d 64, 70 (2d Cir. 2011) (per curiam), counsels against rejecting the Answer and Counterclaim, since Rule 11(a) requires only that an "unsigned paper" be stricken. Second, the diverging purposes of the signature requirement and the contact information requirement cut against Plaintiffs. The signature requirement is a "think-twice" provision meant to deter irresponsible or unthinking litigation. *See Scarborough v. Principi*, 541 U.S. 401, 417 (2004). The requirement that litigants include contact information, however, is not meant to serve as a deterrent; contact information is required so that all parties and the court can have that information to ease administration of the litigation. Finally, and perhaps most importantly, Plaintiffs' argument is undercut by Rule 1 of the Federal Rules of Civil Procedure, which provides that the Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Accepting Plaintiffs' argument would result in inefficiency, delay, and unnecessary redundancy.

Rule 11(a) does not explicitly require that the Answer and Counterclaim be stricken. A straightforward reading of the Rule does not bar remedying a violation in the fashion utilized by McGregor in this case. And striking the Answer and Counterclaim, so that it could be refiled with the pertinent contact information—despite McGregor's provision of that information in the February 7 Letter—would be wasteful of the resources of the court and of the parties. *See* Fed. R. Civ. P. 1.

Plaintiffs' motion to strike the Answer and Counterclaim is denied. The Answer and Counterclaim is deemed amended to include the pertinent contact information. McGregor's counsel is directed to include his contact information with all of his future submissions, as Rule 11 requires. McGregor shall do the same if he opts to proceed *pro se* again.

### 2. Motion to Dismiss Libel Counterclaims

Since McGregor's counterclaims for libel are premised on statements allegedly made by defendants during the course of litigation, *see* Answer and Counterclaim 52-54, Plaintiffs' motion to dismiss those counterclaims is granted. McGregor has conceded that dismissal of these counterclaims is appropriate.

### V. Conclusion

Plaintiffs' motion to strike the Answer and Counterclaim is denied. The motion to dismiss McGregor's counterclaims for libel is granted. No costs or disbursements.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: March 22, 2012
Brooklyn, New York